UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEVIN BROWN,

    Plaintiff,

v.                                              Case No: 8:23-cv-741-CEH-JSS

PHILLIP MCLEOD,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff moves the court to proceed in forma pauperis. (Motion, Dkt. 2.) Upon consideration, it is recommended that the Motion be denied without prejudice and Plaintiff's Complaint (Dkt. 1) be dismissed.

## APPLICABLE STANDARDS

    Pursuant to 28 U.S.C. § 1915, the court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). When considering a motion filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted). "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* As such, a court may not deny an in forma pauperis

motion "without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08); *see Miller v. U.S. Postal Serv.*, No. 8:13-cv-952-T-17-AEP, 2013 WL 2250211, at *1 (M.D. Fla. May 22, 2013) (noting that the court will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess).

Further, when an application to proceed in forma pauperis is filed, the court must review the case and dismiss it sua sponte if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Although pleadings drafted by pro se litigants are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

**ANALYSIS**

Upon review of the Motion, it appears that Plaintiff is financially eligible to proceed in forma pauperis in this case. Nonetheless, the court recommends dismissal of Plaintiff's Complaint for the reasons that follow.

According to the Complaint, Defendant Phillip McLeod is an attorney in St. Petersburg, Florida. (Dkt. 1 at 2; Dkt. 1-1 at 1.) Plaintiff complains that Defendant "acted under color of Florida state law" when he filed two motions in the Sixth Judicial Circuit Court on behalf of his client, which seek to garnish, attach, or

apportion Plaintiff's Title 38 veteran's benefits for purposes of satisfying Plaintiff's child support obligations.  (Dkt. 1 at 2, 4; Dkt. 1-1 at 1.)  Plaintiff alleges that Defendant "clearly ignored the federal laws . . . showing and confirming his benefits cannot be attached or garnished." (Dkt. 1-1 at 1.)

Based on these allegations, Plaintiff attempts to bring a 42 U.S.C. § 1983 claim and asserts the following federal constitutional and statutory rights are being violated: 42 U.S.C. §§ 659(a), (h)(1)(B)(iii); Veteran Judicial [Review] Act 1988; 38 C.F.R. § 14.629(b); Fourteenth Amendment Due Process Clause; 42 U.S.C. § 407; 38 U.S.C. § 511(a); and 38 U.S.C. § 5301(a)(1).  (Dkt. 1 at 3.)  Moreover, in his prayer for relief, Plaintiff requests relief under 38 U.S.C. § 5905 and 38 U.S.C. § 6102(b).  (*Id.* at 5.)

The Complaint suffers from defects that warrant dismissal.  First, § 1983 creates no substantive rights.  *See Baker v. McCollan*, 443 U.S. 137, 140, 144 n.3 (1979).  Rather, § 1983 provides a vehicle through which an individual may seek redress when his federally protected rights have been violated by an individual acting under color of state law.  *See Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (citations omitted).  To state a claim for relief under § 1983, a plaintiff must satisfy two elements.  First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).  Second, a plaintiff must allege that the act or omission was committed by a state actor or a person acting under color of state law. *Id.*  "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state," *Griffin v. City of Opa–Locka*, 261 F.3d 1295,

1303 (11th Cir. 2001), or when "the manner of his conduct . . . makes clear that he was asserting the authority granted him and not acting in the role of a private person." *Williams v. United States*, 341 U.S. 97, 100 (1951).

Here, even if this court were to presume that Plaintiff has sufficiently alleged the violation of a federal right, which he has not, Plaintiff has proffered no allegations to indicate that Defendant acted with the authority of the state beyond his conclusory allegation that Defendant acted under color of state law. Rather, it appears that Defendant's actions were performed in his capacity as a private attorney. Private attorneys who represent individuals in court proceedings, however, do not act under the color of state law. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Huls v. Llabona*, 437 F. App'x 830, 832 (11th Cir. 2011) (holding that a private attorney representing a client in a private civil matter is not a state actor for purposes of § 1983); *Hale v. King*, No. 5:11-cv-610-Oc-29TBS, 2012 WL 84820, at *2 n.2 (M.D. Fla. Jan. 11, 2012) ("A private attorney is not a person acting under the color of state law."). Thus, Plaintiff's § 1983 claim against Defendant is recommended to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

Moreover, to the extent Plaintiff relies on any of the other statutes he lists as the basis for jurisdiction, he fails to explain how any of those statutes provide a basis to invoke the court's subject matter jurisdiction. Such conclusory assertions, without more, do not state a claim arising under federal law and are therefore insufficient to invoke federal question jurisdiction. *See, e.g.*, *Allah El v. Avesta Homes, LLC*, 520 F. App'x 806, 809 (11th Cir. 2013) ("Federal question jurisdiction exists only when the

[plaintiff's] well-pleaded complaint presents issues of federal law."); *Richardson v. Park Soleil Vacation Owners Ass'n, Inc.*, No. 6:17-cv-940-Orl-41TBS, 2017 WL 6389670, at *3 (M.D. Fla. July 17, 2017), *report and recommendation adopted*, 2017 WL 6373924 (M.D. Fla. Dec. 13, 2017) (noting plaintiff's tangential and conclusory references to multiple federal statutes "fall well short of establishing federal question jurisdiction").

Lastly, the Complaint fails to satisfy Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rules 8 and 10 further provide that the allegations in the complaint "must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and that the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b).

Here, the Complaint does not include "short and plain" statements of Plaintiff's claims set forth in "numbered paragraphs each limited as far as practicable to a single set of circumstances" as required under Rules 8 and 10. Rather, Plaintiff submits a separate one-page, single-spaced document titled, "Statement of Claim," which perfunctorily references various federal statutes and contains disjointed and rambling contentions. (Dkt. 1-1 at 1.) For example, Plaintiff asserts:

> The defendant clearly ignored the federal laws stating that state law supersedes any federal law regarding this matter further continuing his desperate attempts through the lower

> court trying to do what can not be done and succeed in a unlawful attachment of the plaintiff's protected violation under 42. U.S.C. 407 showing and confirming his benefits cannot be attached or garnished, also violation 38 U.S.C 5301(a), 38 U.S.C. 511(a) and also the Veteran Judicial act of 1988 as all Three both state the VA secretary only has the authority and subject matter jurisdiction when involving benefits to the Veteran and or dependants furthermore 38 U.S.C. 511 (a)(b) also states the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

(*Id.*)  As such, the undersigned finds Plaintiff's Complaint to be an impermissible shotgun pleading.  *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (defining a "shotgun pleading" as a pleading that violates "either Rule 8(a)(2) or Rule 10(b), or both").

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Motion to Proceed In Forma Pauperis (Dkt. 2) be **DENIED WITHOUT PREJUDICE**.

1. The Complaint be dismissed without prejudice and with leave to file an amended complaint that complies with the Federal Rules of Civil Procedure. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (internal quotation and citation omitted).  The undersigned recommends that the amended complaint, if any,

be due within 20 days of the date this Report and Recommendation becomes final.

2. Plaintiff be directed to pay the required filing fee upon filing the amended complaint/petition, if any, or to file an updated Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) that specifically identifies Plaintiff's debts, assets, obligations, and monthly expenses. If filing an amended application, Plaintiff shall not leave any blanks. If the answer to a question is "0," "none," or "not applicable (N/A)," the applicant shall write that response.[1]

**IT IS SO REPORTED** in Tampa, Florida, on July 24, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent Plaintiff intends to represent himself in this matter, he should familiarize himself with both the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, copies of which can be reviewed in the Clerk's Office, located on the second floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida, or on the court's website at https://www.flmd.uscourts.gov/local-rules. If Plaintiff would like assistance in pursuing the claims in this action, he may seek assistance from the Federal Bar Association by completing a request form at https://www.federalbartampa.org/resources/pro-bono-information/. Plaintiff is also encouraged to consult the "Litigants Without Lawyer" guidelines on the court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers. Additionally, a pro se litigant handbook prepared by the Federal Bar Association is available to download at the following hyperlink: www.fedbar.org/prosehandbook.

## NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Charlene Edwards Honeywell
Counsel of Record