# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DEVIN BROWN,

    Plaintiff,

v.                                                                             Case No: 8:23-cv-741-CEH-JSS

PHILLIP MCLEOD,

    Defendant.
_____

## ORDER

This cause comes before the Court on the Report and Recommendation (Doc. 5), issued by Magistrate Judge Julie S. Sneed. In the Report and Recommendation, Magistrate Judge Sneed recommends that Plaintiff Devin Brown's Motion to Proceed *in Forma Pauperis* be denied without prejudice, Plaintiff's Complaint dismissed, and Plaintiff be given the opportunity to file an Amended Complaint. Plaintiff was provided a copy of the Report and Recommendation and was afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1).

On August 21, 2023, Devin Brown filed a "Motion to Object," which the Court construes as an objection filed pursuant to § 636(b)(1). Upon consideration of the Report and Recommendation, the Objection, and upon this Court's independent examination of the file, the Objection will be overruled, the Report and Recommendation adopted, the Motion to Proceed *in Forma Pauperis* (Doc. 2) denied without prejudice, and Plaintiff's Complaint dismissed with an opportunity to amend.

I.  BACKGROUND

On April 14, 2023, Plaintiff, proceeding *pro se*, filed a Civil Rights Complaint against Defendant Phillip McLeod. Doc. 1. Plaintiff, a resident of Pasco County, sues Defendant Phillip McLeod, a St. Petersburg attorney, for allegedly improperly garnishing his Veteran's Administration (VA) benefits for the payment of child support. Doc. 1. In conjunction with the filing of his Complaint, Plaintiff filed a motion seeking to proceed in Federal Court without prepaying fees and costs. Doc. 2.

On July 24, 2023, Magistrate Judge Sneed issued a Report and Recommendation (R&R) in which she analyzed Plaintiff's motion and complaint pursuant to 28 U.S.C. § 1915. Doc. 5. In the R&R, the Magistrate Judge found that Plaintiff failed to sufficiently allege a basis for the Court's subject-matter jurisdiction. To the extent that Plaintiff seeks to sue attorney McLeod under 42 U.S.C. § 1983, the Magistrate Judge pointed out that Section 1983 creates no substantive rights. Plaintiff is required to allege a violation of his constitutional rights, but he failed to do so. The Magistrate Judge further found that even if Plaintiff could identify a constitutional right that has been violated, he fails to demonstrate that attorney McLeod is a state actor acting under the color of state law to subject him to liability under Section 1983. The Magistrate Judge also found the Complaint deficient for failing to include a short and plain statement of Plaintiff's entitlement to relief in compliance with Federal Rules of Civil Procedure 8 and 10. Rather, the Magistrate Judge found the single-spaced, one page statement of claim to be disjointed and rambling. The Magistrate Judge

recommended Plaintiff be given at least one chance to amend the complaint before the Court dismisses the action with prejudice.

On August 6, 2023, Plaintiff filed a motion requesting additional time to respond to the R&R (Doc. 6), which the Magistrate Judge granted (Doc. 7). On August 21, 2023, Plaintiff filed his Motion to Object, which the Court construes as an Objection filed pursuant to 28 U.S.C. § 636(b)(1). Doc. 8.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. The district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify, in whole or in part, the Report and Recommendation. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id*.

## III.    DISCUSSION

A liberal reading of Plaintiff's objection reveals he first appears to challenge the denial of his status as a pauper, arguing that Veterans' benefits may not be considered as part of his "gross income." Doc. 8 at 1–3. However, the R&R recommended denial of the *in forma pauperis* motion without prejudice because of the deficiencies in Plaintiff's Complaint, not due to a finding that he was financially ineligible to proceed

without the prepayment of fees and costs. In fact, the R&R states that Plaintiff appears to be eligible to proceed *in forma pauperis*. Doc. 5 at 2.

In response to the Magistrate Judge's findings that Plaintiff fails to set forth a claim under Section 1983, Plaintiff argues he alleged a violation of "seven different federal constitutional and statutory rights." Review of the Complaint reveals he has not alleged the violation of a Constitutional Right, and his perfunctory references to federal statutes is conclusory and disjointed. Moreover, Plaintiff alleges no facts demonstrating that McLeod, who is a private attorney, is somehow a state actor. As a private attorney, Defendant McLeod would not be considered a state actor for purposes of § 1983 liability. *See Yeh Ho v. Sabocik*, 775 F. App'x 551 (11th Cir. 2019) (holding "private attorneys who represented plaintiff's brother, in state-court proceedings concerning guardianship matters and probate matters for mother, engaged in state-court process and obtained court orders, did not make the attorneys state actors, as would be required for plaintiff's due process claims against attorneys and for attorneys' liability under § 1983").

The Magistrate Judge correctly points out that Plaintiff fails to articulate the basis for the Court's subject-matter jurisdiction. "[O]ne cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285, (2002) (citations omitted). Rather, "§ 1983 merely provides a mechanism for enforcing individual rights 'secured' elsewhere." *Id.* To establish a § 1983 claim, the plaintiff must show that the conduct complained of (1) was committed by a "state actor" and (2) "deprived the complainant of rights,

4

privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). As discussed above, Plaintiff fails to allege a Constitutional violation committed by a "state actor."

Plaintiff's objection, like his Complaint, repeatedly argues that his Veterans' benefits are excluded from legal process, including child support. The Supreme Court's opinion in *Rose v. Rose*, 481 U.S. 619, (1987) suggests otherwise. *See id.* at 634 ("regardless of the merit of the distinction between the moral imperative of family support obligations and the businesslike justifications for community property division, we conclude that [38 U.S.C.] § 3101(a) does not extend to protect a veteran's disability benefits from seizure where the veteran invokes that provision to avoid an otherwise valid order of child support"). As the *Rose* Court points out, "state contempt proceedings to enforce a valid child support order coincide with Congress' intent to provide veterans' disability compensation for the benefit of both appellant and his dependents." *Id.* at 631.

The Court is unaware of the proceedings in the state court below, in part because Plaintiff's Complaint is a rambling shotgun pleading as discussed by the Magistrate Judge. But suffice it to say, to the extent Plaintiff seeks to challenge a state court order awarding child support, the *Rooker-Feldman*[1] doctrine may preclude federal

---

[1] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Under the *Rooker-Feldman* doctrine, federal district courts and courts of appeals lack subject-matter jurisdiction to review final state-court decisions. *May v. Morgan Cty. Ga.*, 878 F.3d 1001, 1004 (11th Cir. 2017).

district court review of the state-court judgment Plaintiff discusses. *See Green v. Jefferson Cty. Comm'n*, 563 F.3d 1243, 1249 (11th Cir. 2009).

Given the disjointed and rambling nature of the complaint, it is due to be dismissed. As Plaintiff has raised no valid legal objection to the Magistrate Judge's factual findings and recommendations, the Report and Recommendation will be adopted. Because Plaintiff has not previously amended his Complaint, he will be given the opportunity to file an amended complaint that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure and clearly sets forth the basis of the Court's subject-matter jurisdiction.

## IV.   CONCLUSION

After careful consideration of the Report and Recommendation of the Magistrate Judge and the Objection thereto, in conjunction with an independent *de novo* examination of the file, the Magistrate Judge's Report and Recommendation will be adopted, confirmed, and approved in all respects, and the motion to proceed *in forma pauperis* denied without prejudice. The Court will therefore overrule Plaintiff's objection to the Magistrate Judge's recommendation and dismiss Plaintiff's Complaint with leave to amend. Accordingly, it is hereby

**ORDERED**:

(1)   Plaintiff Devin Brown's Objection (Doc. 8) is **OVERRULED**.

(2)  The Report and Recommendation of the Magistrate Judge (Doc. 5) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

(3)  Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 2) is **DENIED, without prejudice**.

(4)  Plaintiff's Complaint is **DISMISSED, without prejudice**.

(5)  Within 21 days from the date of this Order, Plaintiff may file an Amended Complaint that complies with the Federal Rules of Civil Procedure, including Rules 8 and 10, and that clearly sets forth the basis of the Court's subject-matter jurisdiction.

(6)  Additionally, within 21 days from the date of this Order, Plaintiff must file an Amended Application to Proceed in Court without prepaying Fees (Long Form)[2] or pay the filing fee.

(7)  Failure to file an Amended Complaint that sets forth the Court's subject-matter jurisdiction and an Amended Application to Proceed in Court without prepaying Fees (Long Form) within the time permitted will result in this action being dismissed without prejudice and without further notice.

---

[2] As referenced in the R&R, to the extent Plaintiff submits a new Application, Plaintiff shall not leave any blanks. If the answer to a question is "0," "none," or "not applicable (N/A)," the applicant shall write that response. Plaintiff can download the form from the Court's website: https://www.uscourts.gov/forms/fee-waiver-application-forms/application-proceed-district-court-without-prepaying-fees-or.

**DONE** and **ORDERED** in Tampa, Florida on October 5, 2023.

_Charlene Edwards Honeywell_
Charlene Edwards Honeywell
United States District Judge

Copies:
Counsel of Record
Unrepresented parties, if any
United States Magistrate Judge