UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEVIN BROWN,

    Plaintiff,

v.                                        Case No. 8:23-cv-741-CEH-NHA

PHILLIP MCLEOD,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

I recommend Plaintiff's motion to proceed without pre-paying the filing fee (Doc. 13) be denied, and that his amended complaint (Doc. 12) be dismissed, because Plaintiff has failed to state a claim upon which relief can be granted.

### **Background**

On April 14, 2023, Plaintiff filed his original complaint (Doc. 1) and a motion to proceed without prepaying the filing fee (Doc. 2). In his original complaint, Plaintiff alleged that Defendant, a private attorney, violated 42 U.S.C. § 1983, by filing motions in state court to garnish Plaintiff's veteran's benefits to enforce an order that Plaintiff pay child support to Defendant's client. Docs. 1 and 1-1. The Honorable Julie S. Sneed found that Plaintiff was financially eligible to proceed without prepaying the filing fee but recommended that Plaintiff's complaint be dismissed because it failed to state

a claim, failed to demonstrate the Court's subject matter jurisdiction, and failed to comply with the Federal Rules of Civil Procedure. Doc. 5, pp. 2-5. Plaintiff objected to the Report and Recommendation. Doc. 8. The District Court overruled Plaintiff's objection, adopted the Report and Recommendation, and offered Plaintiff an opportunity to amend. Doc. 9.

On December 15, 2023, Plaintiff filed an Amended Complaint, and a new motion to proceed without paying the filing fee. Docs. 12, 13. Though it does not delineate specific claims, Plaintiff's Amended Complaint again invokes 42 U.S.C. § 1983. *See* Doc. 12, p. 5 (quoting section 1983) and p. 8 (seeking relief pursuant to section 1983).

Liberally construed, Plaintiff alleges that Defendant violated Plaintiff's federally protected rights, by: (1) using an inappropriate legal procedure (a state court action) to challenge Plaintiff's award of benefits by the United States Department of Veterans' Affairs (the VA) (Doc. 12, pp. 1-4, 6); (2) violated Plaintiff's right under 28 U.S.C. § 5301 against any garnishment of his veteran's benefits (*Id.* p. 5); *see Higgins v. Beyer*, 293 F.3d 6883 (3d Cir. 2002) (recognizing that "a veteran's rights under § 5301(a) is enforceable against state prison officials pursuant to § 1983"); and (3) violated federal regulations prohibiting attorneys from assisting persons in making claims for veteran's benefits (Doc. 12, p. 7).

## Standard of Review/Applicable Law

The federal statute that governs the right to bring a lawsuit without pre-paying a filing fee, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Accordingly, the statute permits a litigant to commence an action in federal court "by filing in good faith an affidavit stating . . . that he is unable to pay the costs of the lawsuit." *Id.* "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous . . . or repetitive lawsuits." *Id.* To that end, section 1915 provides that a court shall dismiss a case if the court determines the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when a complaint lacks an arguable basis in either law or fact. *Neitzke*, 490 U.S. at 325.

To demonstrate a basis in fact, Federal Rule of Civil Procedure Rule 8 requires that a plaintiff describe what a defendant did that violated the law a plaintiff claims he violated. As stated under the Rule, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The pleading standard in Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S.

3

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Conclusions and characterizations of conduct are insufficient; a complaint must allege enough *facts* to show that each element of an offense is satisfied. *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). Rules 8 and 10 further provide that the allegations in the complaint "must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and that the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b).

## Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege an "act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995) (citing 42 U.S.C. § 1983). Second, a plaintiff must allege that the act was committed by "a person acting under color of state law." *Id.*

"Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). "[T]o hold that private parties . . . are State actors, this court must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a

4

public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) 'the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]' ('nexus/joint action test')." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *NBC, Inc. v. Communications Workers of America*, 860 F.2d 1022, 1026-27 (11th Cir. 1988)). Importantly, "[m]ere approval ... or acquiescence" is insufficient to attribute state action to a non-state actor. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

Private attorneys, such as Defendant, do not act under color of law when representing clients in civil matters. *Huls v. Llabona*, 437 F. App'x 830, 832 (11th Cir. 2011) (holding that a private attorney accused on misusing state proceedings to enforce child support order while representing a client in a private civil matter is not a state actor for purposes of § 1983). Because Defendant is not a state actor, Plaintiff's section 1983 claims against him cannot succeed.

The Court further notes that Plaintiff's Amended Complaint fails to conform to the pleading standards in Rules 8 and 10 of the Federal Rules of Civil Procedure. It does not enumerate claims or provide within each claim a short and plain statement of the facts supporting it.

While Plaintiff's failure to conform to the Federal Rules of Civil Procedure could be cured by amendment, the fundamental defect in his claims—the lack of state action by Defendant—cannot.

## Conclusion

Accordingly, I **RECOMMEND**:

1. Plaintiff's motion to proceed in forma pauperis (Doc. 13) be DENIED; and

3. Plaintiff's complaint be dismissed with prejudice, meaning Plaintiff would not be permitted to re-file.

REPORTED on April 1, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.